IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEANDRE HILL (#M-36036),

    Plaintiff,

v.

ANGELA BOND,

    Defendant.

No. 13 CV 7305

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Plaintiff DeAndre Hill brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Hill alleges that Defendant Bond violated his constitutional rights by subjecting him to cruel and unusual conditions of confinement. Hill alleges that he was housed in a gymnasium at Stateville for a period of time beginning on April 18, 2013, with no mattress, and that the area was infested with mice and spiders. Defendant Bond has moved for summary judgment asserting that Hill failed to exhaust his administrative remedies as required prior to filing suit, and Hill has submitted correspondence in response. For the reasons explained below, Bond's motion is granted.

**I.**      **Legal Standards**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute as to

any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014).

Where the moving party demonstrates the absence of a disputed issue of material fact, however, the non-moving party bears the burden of presenting "evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). A genuine issue of material fact exists only if there is evidence "to permit a jury to return a verdict for" the nonmoving party. *Egonmwan v. Cook County Sheriff's Dep't*, 602 F.3d 845, 849 (7th Cir. 2010).

Consistent with this court's local rules, in support of her motion, Bond filed a Local Rule 56.1(a)(3) Statement of Material Facts [24], citing evidentiary material in support of each statement.[1] Bond also filed and served the appropriate notice to pro se litigants [25], explaining the requirements of Local Rule 56.1. Though notified of the requirements, Hill did not submit a Local Rule 56.1(b)(3)(C) statement of additional facts, and although given multiple extensions and opportunities to respond, submitted only unsigned correspondence [35] in response to Defendant's L.R. 56.1 statement of facts. Defendant filed a motion to strike Hill's unsigned correspondence sent in response to the motion [37]. The motion is denied. Because Hill is proceeding pro se, the Court will consider the representations he

---

[1] Defendant's Local Rule 56.1 Statement of Material Facts is cited as DSOF.

makes in the correspondence. However, the Court will entertain Hill's statements only to the extent that he could properly testify about the matters asserted. Among other things, a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. FED. R. EVID. 602.

Although pro se plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994). To the extent Hill failed to respond to Defendants' L.R. 56.1 statements of fact with references to the record, the statements are deemed admitted. Notwithstanding these admissions, the court construes Hill's submissions, and the record evidence, in the light most favorable to him.

## II. Facts

The following facts are drawn from the pleadings and the Defendant's Local Rule 56.1 submission. Hill is currently an inmate in the custody of the Illinois Department of Corrections and brought this action alleging that Defendant was deliberately indifferent to the conditions of Hill's confinement while he was housed at the Stateville Northern Reception and Classification Center, and she was employed there. DSOF ¶¶1–2.[2]

---

[2] There was some initial confusion as to whether the Defendant is Correctional Officer Angela Bond, or Correctional Officer Kevin Bond. Both worked at Stateville on the same shift during the time of the alleged constitutional violation, but Hill advised that the guard he intended to sue was female. [28]. Counsel for the Illinois Attorney General then identified Angela Bond as the correct defendant. [29], [30].

3

Hill alleges that the conditions of his confinement were unconstitutional because he was forced to sleep on the floor due to overcrowded conditions, and there was an insect and rodent infestation. DSOF ¶4. Hill alleges that Bond was aware of the unconstitutional conditions of Plaintiff's confinement. DSOF ¶5.

The IDOC has a formal grievance procedure for inmates. DSOF ¶6. There are generally three steps to the grievance process. First an inmate must attempt to resolve grievances through his counselor. DSOF ¶7. If the grievance, complaint, or issue remains unresolved, within sixty days of an incident an inmate may file a written grievance on a grievance form available in all units of his institution, and this is considered the second step of the formal grievance process. *Id*. The facility Grievance Officer may interview the inmate and/or witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmate's grievance. *Id*. Upon completion of such investigation, the Grievance Officer generates a report containing the findings of the investigation, the Grievance Officer's conclusions and, if appropriate, a recommendation for relief. *Id*. The inmate's grievance and the Grievance Officer's Report are then forwarded to the Chief Administrative Officer or that officer's designee for review and signature. *Id*. The Grievance Officer's Report with the Chief Administrative Officer's final decision is then returned to the inmate. *Id*.

As a final step, if the inmate disagrees with the decision, he may appeal in writing to the Director of the IDOC by submitting the Grievance Officer's report and Chief Administrative Officer's decision. DSOF ¶8. The Administrative Review

Board, as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. *Id*. If so, the inmate is so advised. *Id*. Other matters are scheduled for an ARB hearing involving an interview of the grieving inmate, examining relevant documents and, at the ARB's discretion, calling witnesses. *Id*. The ARB submits a written report of its findings and recommendations to the Director or designee, who reviews the report and makes a final determination on the grievance. *Id*. A copy of the ARB's report and the Director's final decision are sent to the inmate who filed the grievance. *Id*. The originals of these documents are maintained in the ARB files pursuant to Department Rule 504F: Grievance Procedures for Committed Persons, which provides for no further means for review beyond this step. *Id*.

Certain issues may be addressed directly to the ARB, rather than first through a counselor or grievance officer, including issues (other than personal property issues) pertaining to a facility other than the facility where the inmate is currently assigned. DSOF ¶10. Grievances that can be addressed directly to the ARB are then handled by the ARB according to the aforementioned grievance process. DSOF ¶11.

Hill filed no grievances with the ARB regarding the conditions of his confinement at Stateville Northern Reception and Classification Center. DSOF ¶12. Billie Greer, Chairperson of the ARB, searched the ARB records for grievances filed by Hill. *Id*. This search revealed that Hill did not file any grievances related to the

conditions of confinement at NRC, and in fact Hill has never filed a grievance with the ARB. *Id*.

Jill Parrish, a Correctional Counselor II and Grievance Officer at Stateville, searched the Stateville Grievance Office's records for any grievances filed by Hill. DSOF ¶13. Inmate grievances from the NRC are processed through the Grievance Office at Stateville. *Id*. This search revealed no grievances or related documents filed by Hill. *Id*.

## III. Analysis

Bond filed a motion for summary judgment arguing that Hill failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act prior to filing suit. The Prisoner Litigation Reform Act requires the exhaustion of "administrative remedies as are available." 42 U.S.C. § 1997e(a). Exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Pavey v. Conley*, 663 F.3d 899, 905–06 (7th Cir. 2011).

Plaintiff failed to exhaust his administrative remedies prior to filing suit. Officials at Stateville and in Springfield in the ARB reviewed their records and determined that Hill filed no grievances about his conditions of confinement at the NRC while he was housed there. In his response, Hill states that he attempted to

6

file a grievance when he arrived at Vandalia Correctional Center and was told he had to submit his grievance to the ARB. [35]. He says that he sent it "legal mail" and "assumed that it was sent in the proper manner." *Id*. He also says that "recently it was brought to my attention that my grievance was never received." *Id*.

A prison grievance system that fails to respond to an inmate's grievance can render its grievance process "unavailable." *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *see also Turley v. Rednour*, 729 F.3d 645, 650 at n.3 (7th Cir. 2013). And Hill was required to exhaust only those administrative remedies that were "available." *See* 42 U.S.C. § 1997e(a); *Woodford*, 548 U.S. at 102; *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.2007). "Prison officials may not take unfair advantage of the exhaustion requirement, … and a remedy becomes unavailable if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The exhaustion requirement creates an incentive for "parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims." *Woodford*, 548 U.S. at 90. In *Dole*, an inmate who sent a grievance to the ARB, heard no response, and inquired about the status of that grievance, exhausted administrative remedies. *Dole*, 438 F.3d at 807–08, 813. Distinguishing *Dole*, courts in this district have held that inmates fail to exhaust if they do nothing—do not follow up, do not ask for instruction, or fail pursue the issue in any way—after hearing no response to a grievance. *E.g.*,

7

*Stallings v. Cook County*, No. 11 C 7349, 2013 WL 3669623, *5 (N.D. Ill. Jul. 12, 2013); *Taylor v. Cook County*, No. 11 C 7427, 2013 WL 2285806, *4 (N.D. Ill. May 23, 2013); *Logan v. Emerson*, No. 10 C 4418, 2012 WL 3292829, *5 (N.D. Ill. Aug. 9, 2012). Finding exhaustion when an inmate sat on his hands would not maintain the incentive to pursue agency adjudication, and so to obtain the benefit of cases like *Dole*, 438 F.3d 813, and *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005), an inmate must attempt to follow up on a lost grievance.

Hill does not argue that the process was unavailable, only that he recently became aware that his grievance was never received by the ARB. There is no evidence that Hill followed up on the grievance he alleges he sent to the ARB in any way. Hill's response to the motion for summary judgment confirms that he was aware of the grievance procedure, was given instruction as to how and where to submit a grievance, and that he took no action after submitting his grievance to the ARB. Such inaction, under controlling and persuasive case law, leads to the conclusion that Hill failed to exhaust administrative remedies prior to filing suit as required under §1997(e).

Although the time for submitting a grievance has expired per IDOC's policies, the dismissal of Hill's claim is without prejudice, as this court does not rule on whether a state court would apply an exhaustion requirement similar to that of § 1997e(a) with respect to Hill's claims. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (for that reason, "all dismissals under § 1997e(a) should be without prejudice"). In short, the court's ruling does not preclude Hill from pursuing any

8

relief that may be available to him through the state court. But because by operation of § 1997e(a) Hill has no further recourse in federal court, the dismissal without prejudice nevertheless constitutes a final, appealable order. *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (order dismissing § 1983 claims for failure to exhaust administrative remedies is appealable where there are no further remedies that plaintiff can pursue); *Barnes v. Briley*, 420 F.3d 673, 676 (7th Cir. 2005) (same).

If Hill wishes to appeal this final judgment, he may file a notice of appeal in this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Hill plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Hill does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Hill may also be assessed a "strike" under 28 U.S.C. § 1915(g). Hill is advised that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.

## IV. Conclusion

Bond's motion for summary judgment [22] is granted, and the motion to strike Plaintiff's correspondence [37] is denied. This case is dismissed without prejudice for failure to exhaust administrative remedies and is closed on the Court's docket.

ENTER:

Date: 3/11/15

_____
Manish S. Shah
United States District Judge